IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON STAFFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-272-N |
| | § | |
| NEW DAIRY TEXAS, LLC, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant New Dairy Texas, LLC's ("New Dairy") motion to compel discovery [18], New Dairy's motion for leave to file confidential transcripts under seal [36], and Plaintiff Sharon Stafford's motion to compel [40]. For the foregoing reasons, the Court grants in part and denies in part New Dairy's motion to compel, denies New Dairy's motion for leave to file, and denies Stafford's motion to compel.

## I. ORIGINS OF THE MOTION

This case arises out of an employment discrimination claim under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq. and 42 U.S.C. §1981a), the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621), and the Lily Ledbetter Fair Pay Act of 2009. Pl.'s Pet. ¶¶ 30–32, Ex. B App. 7–8 [2]. Stafford alleges that New Dairy discriminated against her by intentionally undermining her performance, failing to promote her, and targeting her for termination. *Id.* On April 28, 2023, New Dairy served its First Set of Requests for Production and Interrogatories, to which Plaintiff served Responses on May 30, 2023. Def.'s Mot. to Compel 2. After New Dairy served its first deficiency letter,

MEMORANDUM OPINION AND ORDER – PAGE 1

Stafford produced complete audio recordings and transcripts of conversations Stafford recorded during her employment with New Dairy. *Id.* After reviewing the recordings and transcripts, New Dairy requested that Stafford designate the recordings and transcripts with "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" pursuant to the Court's Protective Order [8]. *Id.* at 3. New Dairy alleges that weaved throughout the recordings are conversations about New Dairy's confidential business strategies, employee compensations, and ethics reports, and other private matters. Furthermore, New Dairy insists on a global confidentiality designation due to the difficulty in designating the recordings and transcripts as partially confidential. *Id.* Stafford refused the global designation and insisted that only portions of the recordings and transcripts should be designated as confidential. *Id.* After a second deficiency letter from New Dairy and Stafford's supplemental responses and productions, the Parties still dispute the production of three separate authorizations for: (1) Employment Records, (2) Protected Health Information, (3) Psychotherapy Notes. *Id.* The Parties continue to disagree on the proper designation of the recordings and transcripts. New Dairy filed the motion to compel to resolve these outstanding discovery disputes.

As part of its motion to compel, New Dairy asked the Court to "designate [the] documents and recordings 'Confidential Information – Subject to Protective Order'" while the Court considered New Dairy's request for global designation so that New Dairy may file the materials under seal. *Id.* at 9 n. 5. The Court granted New Dairy's request and ordered New Dairy to file the transcripts under seal while the Court considers the motion. *See* Order (Feb. 7, 2024) [32]. Subsequently, New Dairy filed a motion for leave to file

MEMORANDUM OPINION AND ORDER – PAGE 2

the transcripts under seal. *See* Def.'s Mot. for Leave. Stafford opposed the motion, objecting to the "unauthenticated transcripts." *See* Pl.'s Resp. to Def's Mot. for Leave [38]. Additionally, Stafford filed a motion to compel requesting the Court to order New Dairy to comply with requests for production of documents concerning Stafford and all other requested HR personnel member files as well as the complete personnel file of Ray Gibson. *See* Pl.'s Mot. to Compel [40]. The Court now turns to each discovery motion.

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. America Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be

MEMORANDUM OPINION AND ORDER – PAGE 3

unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS IN PART AND DENIES IN PART NEW DAIRY'S MOTION TO COMPEL THE SIGNED AUTHORIZATIONS

New Dairy asks the Court to order that Stafford produce three separate signed authorizations: (1) Authorization For Release of Scholastic Records, (2) Authorization For Disclosure of Protected Health Information, and (3) Authorization For Release of Protected Health Information Psychotherapy Notes. As an initial matter, a party can compel a signed authorization under Rule 34. *EEOC v. L-3 Commc'ns Integrated Sys., LP*, 2018 WL 3548870, at *3 (N.D. Tex. July 24, 2018) (Godbey, J.); *see also Coleman v. Cedar Hill Indep. Sch. Dist.*, 2022 WL 1470957, at *3 (N.D. Tex. May 10, 2022) (Fitzwater, C.J.) (affirming this Court's holding that a court can compel a party to sign an authorization). Because Stafford can be required to sign the authorizations, the Court now addresses Stafford's argument that the scholastic and medical records lack relevance as required by Rule 26(b).

#### A. The Scholastic Records Are Relevant

Stafford alleged in her complaint that she was "the most qualified" for the HR supervisory position. Pl.'s Pet. ¶ 21, Ex. B App. 7. This allegation put her qualifications at issue, which includes her scholastic records. Scholastic background can be one of many legitimate, non-discriminatory factors an employer may consider when choosing who to

promote or salary differentials. *See Sauceda v. Univ. of Texas at Brownsville,* 958 F. Supp. 2d 761, 776 (S.D. Tex. 2013) ("[A]n employer may base a salary differential on a factor other than sex, including: (1) 'different job levels;' (2) 'different skill levels;' (3) 'previous training;' (4) 'experience;' and (5) 'prior salary history, performance, and other factors.'" (quoting *EEOC v. TXI Operations, L.P.*, 394 F.Supp.2d 868, 879 & n. 11 (N.D. Tex. 2005)). Accordingly, the Court finds that the scholastic records are relevant and compels Stafford to execute the Authorization for Release of Scholastic Records.

### B. Stafford's Personal Health Information Is Relevant in Part

Stafford argues that her medical records are irrelevant because she does not claim a physical injury in this case; therefore, the Court should not compel her to sign the Proposed Medical Authorization. Nevertheless, Stafford does seek emotional distress damages in connection with her discrimination claims, and medical records are discoverable in a discrimination case where the plaintiff seeks emotional distress damages. *See Merrill*, 227 F.R.D. at 473-74. Therefore, at least some of Stafford's medical records are discoverable. Even so, "[t]he Court recognizes that all medical records, and especially records pertaining to treatment for purely physical conditions, will not necessarily be relevant to mental anguish claims." *Id.* at 473. Here, New Dairy's Authorization for Disclosure of Protected Health Information is not limited in time and asks for "*any* protected health information ("PHI"), **exclusive of psychotherapy notes**, related to [Stafford], including, but not limited to test results, X-rays, prescriptions, and records of diagnosis, treatment, and prognosis." Def.'s Mot. to Compel. Ex. A App. 28 [19] (emphasis in original). The Court finds this authorization to be overbroad as this authorization would include physical

MEMORANDUM OPINION AND ORDER – PAGE 5

conditions unrelated to mental anguish claims and finds that the authorization should be narrowed according to the parameters outlined below.

First, the Court orders New Dairy to narrow the timeline of requested production to when Stafford started working at New Dairy and treatment following her resignation. Second, the Court orders New Dairy to narrow the scope of the authorization to records related to psychiatric or psychological treatment and physical conditions spawning from any diagnosed psychiatric or psychological illness. Finally, the Court orders Stafford to execute the Authorization for Disclosure of Protected Health Information after New Dairy alters its requests in compliance with this Order.

### C. Stafford Has Not Waived Her Psychotherapist-Patient Privilege

In a separate authorization, New Dairy asks the Court to compel Stafford to sign an authorization of protected health information specific to psychotherapy notes. The Court denies New Dairy's request. New Dairy defines "psychotherapy notes" to be "notes recorded (in any medium) by a health care provider, who is a mental health professional, documenting or analyzing the contents of conversation during a private counseling session or group, joint, or family counseling session and that are separated from the rest of the individual's medical records." *Id.* at App. 29.[1] Though there is no physician-patient privilege recognized by federal courts, federal courts do recognize that confidential communications between a psychotherapist and a patient are privileged. *Jaffee v.*

---

[1] This authorization is specific to the notes covering the communications between Stafford and a mental health professional, but the authorization in dispute in Section III.B would allow New Dairy to receive any records pertaining to an official diagnosis, treatment plan, etc. Stafford may have received from a mental health professional.

MEMORANDUM OPINION AND ORDER – PAGE 6

*Redmond*, 518 U.S. 1, 11 (1996). However, this privilege can be waived. *Id.* at 15 n.14. Federal courts across the country adopt several different approaches to determining when a party waived this privilege, and the Fifth Circuit has yet to clearly establish which approach should apply. *Merrill*, 227 F.R.D. at 467; *see also Fleming v. Methodist Hosp.*, 2023 WL 4307157, at *2 (W.D. Tex. June 30, 2023).

New Dairy asks the Court to adopt the broadest approach to waiver of psychotherapist-patient privilege recognized in *Merrill* and find that Stafford waived psychotherapist-patient privilege by seeking emotional distress damages. *See Merrill*, 227 F.R.D. at 474 (citing *Sarko v. Penn–Del Directory Co.*, 170 F.R.D. 127 (E.D. Penn. 1997)). In contrast, Stafford asks the Court to adopt what *Merrill* defines as a "'middle approach' which holds that a mere request for damages for ordinary, garden variety claims of mental anguish or emotional distress, as opposed to a cause of action based upon emotional distress, does not place a party's mental condition at issue, and the privilege is not waived." *Id.* at 475 (citing *Ruhlmann v. Ulster Co. Dept. Of Social Serv's*, 194 F.R.D. 445 (N.D. N.Y. 2000)).

The Court finds the *Ruhlmann* decision to be informative. The *Ruhlmann* court examined the cases espousing the broadest approach to privilege waiver and found that these cases "distinguish[ed] between cases in which significant emotional harm is alleged or the mental condition is at the heart of the litigation, and a claim for 'garden-variety' emotional distress damages," declining to apply the broadest approach to "garden-variety" emotional distress allegations. *Ruhlmann*, 194 F.R.D. at 449. Emotional harm is not at the heart of the litigation; therefore, the Court adopts the middle approach — that a garden-

MEMORANDUM OPINION AND ORDER – PAGE 7

variety request for emotional distress damages does not itself constitute a waiver of psychotherapist-patient privilege.  Accordingly, the Court denies New Dairy's request to compel Stafford's signed Authorization for Release of Protected Health Information Psychotherapy Notes.

### IV.  THE COURT DENIES NEW DAIRY'S REQUEST TO GLOBALLY DESIGNATE AUDIO RECORDINGS AND TRANSCRIPTS AS CONFIDENTIAL

New Dairy requests that the Court globally designate the audio recordings and the transcripts as confidential subject to protective order.  New dairy argues that there are significant amounts of confidential information throughout the recordings and transcripts "making it impossible to separate and requiring a global designation as confidential." Def.'s Mot. to Compel 10.  In response, Stafford argues that New Dairy ignored multiple requests to identify portions of the recordings that New Dairy believes are confidential. Pl.'s Resp. Mot. to Compel 9 [20].  New Dairy replied that "[a]lthough it is not required to do so, New Dairy did provide in its Motion examples of confidential information discussed in the recordings—COVID business strategies, employee compensation decisions, confidential ethics reports and other private information involving other employees, internal presentations, and other private matters."  Def.'s Reply Mot. to Compel 4-5 [22] (internal quotations omitted).  New Dairy's briefing did not provide the Court with enough context to determine the pervasiveness of protected information woven throughout the recordings and transcripts, and "[c]ourts in this Circuit have held that wholesale confidentiality designation is evidence of bad faith that a party has abused the confidentiality designation.  *Ruby Slipper Cafe, LLC v. Belou*, 2020 WL 4897905, at *7

(E.D. La. Jan. 8, 2020) (removing the wholesale designation of a deposition as confidential when the "deposition excerpts at issue contain no information that this Court can properly consider proprietary or commercially sensitive—the underlying justification for the blanket protective order").

To inform its decision the Court granted New Dairy request to give the transcripts temporary confidentiality status, *see* Def.'s Mot. to Compel 9 n.5, so the Court can review of the transcript to determine the need for a wholesale confidentiality designation. *See* Order (Feb. 7, 2024). In response New Dairy filed its motion for leave to file confidential transcripts under seal with the transcripts attached in the appendix and portions highlighted which New Dairy believes involves confidential information. *See* Def.'s Mot. for Leave, App. Supp. [37]. Up on review of the transcripts, the Court denies New Dairy's request for a global confidentiality designation and dismisses New Dairy's motion for leave as moot. Additionally, the Court orders the Parties to in meet and confer regarding the portions of the recordings and documents from Stafford's production that New Dairy believes require a confidentiality designation.[2] For any confidentiality designation for which the Parties cannot agree, the Court orders New Dairy to resubmit its designation request, providing an affidavit explaining the rationale for each of the disputed confidentiality designations and why it falls under the protective order.

---

[2] To the befuddlement of the Court, New Dairy created its own transcripts; even though, it represented in its motion to compel that Stafford had already produced the recordings and transcripts. *See* Def.'s Mot. to Compel 2. The discovery to be discussed when the Parties meet and confer are the disputed recordings and transcripts that New Dairy represented that Stafford produced.

MEMORANDUM OPINION AND ORDER – PAGE 9

## V. THE COURT DENIES STAFFORD'S MOTION TO COMPEL

Finally, Stafford asks the Court to compel New Dairy to produce Stafford and all other requested HR personnel members' files and the complete personnel file of Ray Gibson. *See* Pl.'s Mot. To Compel. New Dairy responded that it produced the requested personnel files. *See* Def.'s Resp. Pl.'s Mot. To Compel 6 [41]. In support of its position, New Dairy provided the email it sent Stafford's regarding the disputed discovery responses which stated that "New Dairy is happy to discuss further should [Stafford] choose to state which documents [she] believe[s] New Dairy has withheld due to an inappropriate objection," but Stafford failed to identify the alleged discovery deficiency. *Id.* at 10. Stafford provided no reply to New Dairy's response to her motion to compel. Accordingly, the Court assumes New Dairy has, in fact, produced all of the documents in dispute in Stafford's motion to compel and dismisses Stafford's motion to compel as moot.

### CONCLUSION

The Courts grants in part New Dairy's motion to compel and orders Stafford to execute the authorizations for scholastic records and personal health information, narrowed in scope as the Court instructed. The Court denies New Dairy's request that the Court compel the executed authorization for psychotherapy notes. Furthermore, the Court denies New Dairy's request to globally designate the recordings and transcripts as confidential. The Court orders the Parties to meet and confer regarding the portions of the produced discovery that New Dairy believes requires a confidentiality designation. The Court likewise denies New Dairy's motion for leave to file and denies Stafford's motion to

compel. Finally, the Court finds that, under the circumstances presented, the Parties should bear their own expenses, including attorney's fees, in connection with each motion.

Signed June 10, 2024.

_____
David C. Godbey
Chief United States District Judge