IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHARON STAFFORD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:23-CV-00272-N |
| § | |
| NEW DAIRY TEXAS, LLC, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Sharon Stafford's motion to alter or amend judgment [56] and motion to determine whether documents should be filed under seal [57]. For the reasons set forth below, the Court denies Stafford's motion to alter or amend judgment. Further, because Defendant New Dairy Texas, LLC ("New Dairy") removed the confidentiality designation from the documents in question, *see* Def.'s Resp. 2 [59], the Court denies Stafford's motion to determine whether documents should be filed under seal.

**I. ORIGINS OF THE MOTION**

This is an employment discrimination case. Stafford is suing her former employer, New Dairy, for violations of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981a), and the Lilly Ledbetter Fair Pay Act of 2009 (Pub. L. No. 111–2 § 3(A)). Pl.'s Orig. Pet. ¶¶ 29–33 [2-B]. The Court has discussed Stafford's factual allegations and the summary judgment record at some length, *see Stafford v. New Dairy Tex., LLC*, 2024

WL 3418824, at *1–2 (N.D. Tex. 2024), and the Court will not recount them in great depth here.

On July 12, 2024, the Court granted New Dairy's motion for summary judgment on all Stafford's claims and dismissed all claims with prejudice. Mem. Op. & Order 12 [54]. The Court entered final judgment against Stafford on the same day. Final J. 1 [55]. Then, on August 12, 2024, Stafford filed a Rule 59 motion to alter or amend judgment. *See* Pl.'s Mot. Am. J. [56].

## II. LEGAL STANDARD

Courts evaluate a motion for reconsideration of a prior ruling "either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Which rule applies depends on when the party files the motion. *Id.* If the party files the motion within twenty-eight days of the entry of judgment, then Rule 59 applies. *Id.*; FED. R. CIV. P. 59(b). If the party files the motion more than twenty-eight days after the entry of judgment, then Rule 60 applies. *Demahy*, 702 F.3d at 182 n.2; *see also Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (stating a court may treat an untimely Rule 59(e) motion as a Rule 60(b) motion).

Rule 60(b) "permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). "Which subsection applies to a Rule 60(b) motion depends on why the movant seeks relief." *Edwards v. 4JLJ, L.L.C.*, 2024 WL 983657, at *2 (5th Cir. 2024). Under Rule 60(b)(1), a

party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "Mistake" in this context includes "legal errors made by judges." *Kemp*, 596 U.S. at 535. "A motion for relief under Rule 60(b)(1) is 'not a substitute for the ordinary method of redressing judicial error—appeal.'" *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) (quoting *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 696 (5th Cir. 1983)). Further, under Rule 60(b)(3), a party may seek relief based on "fraud . . ., misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). The party moving under Rule 60(b)(3) "must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).

Relief under Rule 60 is "an extraordinary remedy." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). "The desire for a judicial process that is predictable mandates caution in reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). Further, the "Rule 60(b) movant bears the burden of proof." *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, 2020 WL 13490293, at *1 (N.D. Tex. 2020).

### III. THE COURT DENIES STAFFORD'S MOTION TO ALTER OR AMEND JUDGMENT

Because Stafford filed the motion to alter or amend judgment more than twenty-eight days after the Court entered final judgment, the Court evaluates her motion under Rule 60. The Court construes Stafford's arguments to fall under subsections (1) and (3) of Rule 60(b). Because the Court finds that neither subsection applies, the Court denies Stafford's motion.

### *1. Stafford Has Not Shown the Court Made a Mistake*

Stafford argues that the Court made "manifest errors of law and fact" in granting New Dairy's motion for summary judgment because the "Court's position that there was no evidence of discrimination is unsupported." Pl.'s Mot. Am. J. 2–3. The Court construes this as a request for relief under Rule 60(b)(1), which allows a party to seek relief for "legal errors made by judges." *See Kemp*, 596 U.S. at 535.

The arguments Stafford makes to support her assertion that the Court made manifest errors are repetitive of the arguments she made in her response to New Dairy's motion for summary judgment. *See* Pl.'s Resp. Mot. Summ. J. 5 [47] (racially coded language); Pl.'s Mot. Am. J. 3–4 (same); Pl.'s Resp. Mot. Summ. J. 7 (Gibson's behavior); Pl.'s Mot. Am. J. 4–5 (same); Pl.'s Resp. Mot. Summ. J. 5–7 (pay disparity); Pl.'s Mot. Am. J. 6 (same). The Court previously considered these arguments but concluded that New Dairy was entitled to judgment as a matter of law. Mem. Op. & Order 5 n.1 (racially coded language), 11 (Gibson's behavior), 8 (pay disparity). Stafford has not demonstrated that the Court made an error in granting New Dairy's motion for summary judgment. And a Rule 60 motion is not the appropriate vehicle "to raise new legal theories or to rehash old arguments." *Newman v. United States*, 2020 WL 13582003, at *1 (N.D. Tex. 2020). Stafford does not point to mistakes that would warrant relief from judgment under Rule 60(b)(1).

### *2. Stafford Has Not Shown New Dairy Engaged in Misconduct*

Stafford also seems to assert that New Dairy engaged in discovery-related misconduct by not producing certain documents she requested. *See* Pl.'s Mot. Am. J. 6–7.

The Court construes this as a request for relief under Rule 60(b)(3), which allows a party to seek relief based on "fraud . . ., misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). To gain relief under Rule 60(b)(3), Stafford must establish that New Dairy engaged in misconduct and that this misconduct prevented her from fully and fairly presenting her case. *Hesling*, 396 F.3d at 641. Stafford has "the burden of proving [New Dairy's] misconduct by clear and convincing evidence." *Id.*

First, Stafford presents no evidence supporting that New Dairy engaged in misconduct by not producing the requested documents, including the personnel files of her comparators. As an initial matter, New Dairy produced over eight-hundred pages of documents to Stafford, including portions of the personnel files. *See* Def.'s Resp. 7–8 [60]. If Stafford wanted additional documents from New Dairy, she could have formally requested the documents by filing a Rule 30(b)(6) deposition notice with a request for production, filing another motion to compel, or addressing the issue in her response to New Dairy's motion for summary judgment. She did not. Without a court order requiring production, New Dairy's refusal to produce documents that either did not exist or that it perceived as beyond the scope of discovery does not amount to misconduct. Accordingly, Stafford has not met her burden of proving misconduct by New Dairy.

Second, even if New Dairy had engaged in the misconduct Stafford suggests, the alleged misconduct did not prevent her from fully and fairly presenting her case. Stafford asserts that "much of the Court's Memorandum is based upon documentary evidence that [she] has been denied access to." Pl.'s Mot. Am. J. 7. Not so. All the documents New Dairy relied on in its motion for summary judgment — and that the Court referenced in its

Memorandum Opinion and Order — are documents that New Dairy produced and included in its appendix to its motion for summary judgment. Stafford had access to these documents at the time she filed her response to the motion and could have incorporated them into her response.

Therefore, because Stafford has not provided evidence that New Dairy engaged in misconduct or that the alleged misconduct prevented her from fully and fairly presenting her case, the Court holds that Stafford is not entitled to relief from judgment under Rule 60(b)(3).

## CONCLUSION

"Relief under Rule 60(b) is an extraordinary remedy." *In re Pettle*, 410 F.3d at 191. Because Stafford has not established she is entitled to relief under Rule 60(b), the Court denies Stafford's motion to alter or amend judgment. Further, the Court denies Stafford's motion to determine whether documents should be filed under seal as New Dairy removed the confidentiality designation from the documents in question.

Signed November 25, 2024.

_____
David C. Godbey
Chief United States District Judge